# Third District Court of Appeal
## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0948
Lower Tribunal No. 17-10295 SP
_____

**Infinity Auto Insurance Company**,
Appellant,

vs.

**Miami Open MRI, LLC a/a/o Rolando Amador**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Gladys Perez Villanueva; Law Offices of Terry M. Torres & Associates and Robert Phaneuf, for appellant.

Neimand Law, LLC and Tricia Neimand, for appellee.

Before LOGUE, HENDON and LOBREE, JJ.

LOBREE, J.

In this personal injury protection ("PIP") case, the insurer, Infinity Auto

Insurance Company ("Infinity Auto"), appeals a final summary judgment entered in favor of the medical provider, Miami Open MRI, LLC ("Miami Open"). We reverse and remand for entry of summary judgment in favor of Infinity Auto.

The insured, Rolando Amador, allegedly suffered personal injuries when he was involved in an automobile accident on April 15, 2015. At the time of the accident, Amador had an automobile insurance policy with Infinity Auto providing PIP coverage, and Amador notified Infinity Auto about the accident. Thereafter, Amador failed to appear for examinations under oath set for May 28, 2015, and June 10, 2015. Amador then sought medical treatment for his injuries from Miami Open on June 18, 2015, and Miami Open billed Infinity Auto for those services. Infinity Auto denied payment on the ground that Amador had failed to appear at the examinations under oath.

Miami Open, as Amador's assignee, sued Infinity Auto for breach of contract. Infinity Auto answered, raising the sole affirmative defense that Miami Open was not entitled to benefits because Amador's failure to appear for two properly noticed examinations under oath constituted a failure to comply with a condition precedent to receiving benefits under section

627.736(6)(g), Florida Statutes (2015),[1] and the terms of the policy.[2] Following cross motions for summary judgment on Infinity Auto's affirmative defense, the trial court granted Miami Open's motion and denied Auto Infinity's motion. The trial court found that Infinity Auto's notice to Amador of the examinations under oath was "ineffective," because Infinity Auto failed to

---

[1] That section provided as follows:

> An insured seeking benefits under ss. 627.730-627.7405, including an omnibus insured, must comply with the terms of the policy, *which include, but are not limited to, submitting to an examination under oath.* The scope of questioning during the examination under oath is limited to relevant information or information that could reasonably be expected to lead to relevant information. *Compliance with this paragraph is a condition precedent to receiving benefits.* An insurer that, as a general business practice as determined by the office, requests an examination under oath of an insured or an omnibus insured without a reasonable basis is subject to s. 626.9541.

§ 627.736(6)(g), Fla. Stat. (2015) (emphasis added).

[2] An endorsement to the policy's PIP coverage relevantly provided as follows:

> **D. CONDITIONS**
>
> . . . .
>
> The following are added to this section, **Conditions**:
>
> . . . .
>
> **Examination Under Oath**
>
> As a condition precedent to receiving personal injury protection benefits under the policy, any **insured** making a claim for personal injury protection benefits must submit as often as **we** require to examinations under oath . . . .

also send notice to Amador's "retained attorney."[3]  The trial court further found that having failed to notify Amador's attorney about the examinations under oath, Infinity Auto "arguably" suffered no prejudice from Amador's failure to attend.  Thus, the trial court concluded that Infinity Auto failed to meet its burden on summary judgment to show that the affirmative defense was applicable.

The summary judgment record does not support the trial court's finding that Infinity Auto failed to properly notify Amador's attorney.  In support of its contention that Infinity Auto knew that Amador had retained an attorney prior to the date of the first examination under oath, May 28, Miami Open relied on a May 20 telephone conversation between Amador and Infinity Auto's special investigator, Demis Diaz.  During that conversation, Amador told him that he had an attorney.  Diaz's unrebutted testimony was that in response, he told Amador to tell his attorney to contact Infinity Auto because there was no letter of representation in his file and that the previously scheduled May 28th examination under oath would remain in place.  Amador did not identify his attorney to Diaz.  With no express notification from an attorney stating that he or she represented Amador and requesting notice of any action from

---

[3] Miami Open never asserted below that the insured, Amador, did not receive notice of the examinations under oath.

4

Infinity Auto, the trial court erred in finding that the summary judgment evidence established that Infinity Auto failed to notify Amador's unidentified "retained attorney" about the examinations under oath.[4]

Here, "[t]he plain language of section 627.736(6)(g) and [Infinity Auto's] policy clearly and unambiguously require compliance with the policy provision of submitting to an examination under oath as a condition precedent to receiving PIP benefits." Miracle Health Servs., Inc. v. Progressive Select Ins. Co., 326 So. 3d 109, 114–15 (Fla. 3d DCA 2021). Thus, Amador's failure to submit to a properly noticed examination under oath, in accordance with the policy's PIP endorsement and section 627.736(6)(g), barred receipt of benefits. Id. at 113. Moreover, because submitting to an examination under oath is a condition precedent to receipt of PIP benefits under section 627.736(6)(g) and the policy at issue, prejudice is not an element of Infinity Auto's affirmative defense to Miami Open's claim for services taking place on June 18, 2015, and the trial court erred in requiring otherwise. See United Auto. Ins. Co. v. G & O Rehab. Ctr., Inc., 374 So. 3d 492, 498 (Fla. 3d DCA 2022). Accordingly, we reverse the grant of summary judgment in favor of Miami Open, and remand with instructions

---

[4] Infinity Auto's litigation adjuster testified that it later received a letter of representation from Amador's attorney on July 14, 2015.

to grant summary judgment in favor of Infinity Auto.

Reversed and remanded.